BRETT L. TOLMAN, United States Attorney (#8821)
CARLIE CHRISTENSEN, First Assistant United States Attorney (#0633)
JARED C. BENNETT, Assistant United States Attorney (#9097)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | | |
|---|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, et al., | : | Civil No.  2:06CV00342 DAK |
| Plaintiffs, | : | |
| | : | **DECLARATION OF KENT HOFFMAN** |
| vs. | : | |
| THE UNITED STATES DEPARTMENT OF THE INTERIOR, et. al., | : | |
| Defendants. | : | |

_____

I, KENT HOFFMAN, make the following declaration pursuant to the authority of 28 U.S.C. § 1746.  I understand that this declaration will be filed in the Federal District Court for the District of Utah, and that the declaration is the legal equivalent of a statement under oath.  Therefore, under penalty of perjury, I declare the following:

1.  I am the Deputy State Director, Division of Lands and Minerals, for the Bureau of Land Management ("BLM"), Utah State Office.  As part of my duties as Deputy State Director, I approve the issuance, suspension, lifting of the suspension, modification, and cancellation of oil and gas leases sold pursuant to the Mineral Leasing Act of 1920, 30 U.S.C. §§ 181-287, as amended. See 43 C.F.R. § 3103.4-4 (2005).

2.      On August 1, 2006, the United States District Court for the District of Utah issued a ruling in <u>Southern Utah Wilderness Alliance v. Norton</u>, No. 2:04CV574 (DAK) ("the November 2003 action").  In that ruling, the court reversed and remanded BLM's decision to lease 16 parcels that were included in the November 2003 competitive oil and gas lease sale.  The court ordered BLM to further consider its decision consistent with the court's ruling that BLM violated the National Environmental Policy Act, 42 U.S.C. 4321 to 4347, (NEPA) by failing to consider significant new information on wilderness characteristics before leasing.  As a result of the Court's decision, I suspended those 16 leases by decision dated August 17, 2006.  I then ordered my staff to conduct supplemental NEPA analyses on the 16 leases.  Following such analyses, BLM will modify or cancel the leases, or lift the suspension on the relevant leases as appropriate.

3.      The present action involves 26 parcels offered and sold in the oil and gas lease sale held on September 8, 2004.  Plaintiffs' allegations in this action are substantially similar to the allegations in the November 2003 action.

4.      On September 18, 2006, I suspended all 26 leases on the parcels at issue in this action because the leases at issue and the new information alleged in this action are similarly situated to leases and new information alleged in the November 2003 action.

5.      Consequently, just as BLM is conducting supplemental NEPA analysis regarding the 16 parcels at issue in the November 2003 action, I have ordered my staff to begin supplemental NEPA analyses for all 26 parcels at issue in this action.

6.      During this suspension, no lease operations may transpire on any of the 26 leases at issue.

7.      After completing its supplemental NEPA analyses, BLM will issue a new decision on each lease that may cancel or modify the leases or lift the suspension on any of the 26 leases at issue.

I declare the foregoing under penalty of perjury.

DATED this 3d day of November, 2006.

/s/   Kent Hoffman
KENT HOFFMAN
DEPUTY STATE DIRECTOR
BUREAU OF LAND MANAGEMENT
UTAH STATE OFFICE