IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, NATURAL RESOURCES DEFENSE COUNCIL, and THE WILDERNESS SOCIETY,<br><br>         **Plaintiffs,**<br>**vs.**<br><br>**THE UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and DIRK KEMPTHORNE, in his official capacity as Secretary of the Department of the Interior,**<br><br>         **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:06CV342 DAK** |

This matter is before the court on Defendants' Motion to Dismiss and Plaintiff's Motion to Amend. A hearing on the motions was held on July 12, 2007. At the hearing, Plaintiffs Southern Utah Wilderness Alliance, The Wilderness Society, and Natural Resources Defense Council (collectively referred to as "SUWA") were represented by Stephen H. Bloch and Sharon Buccino. Defendants United States Department of the Interior, the Bureau of Land Management, and Dirk Kempthorne were represented by Jared C. Bennett.[1]  Intervenor-Defendants Enduring Resources and Houston Exploration were represented by Laura Lindley. Intervenor-Defendants

---

[1] Dirk Kempthorne was sworn in as Secretary of the Department of the Interior on June 7, 2006. Pursuant to Fed. R. Civ. P. 25(d)(1), Richard Kempthorne is automatically substituted as the defendant in this suit and proceedings following the substitution shall be in his name.

EOG Resources, Dominion Exploration and Production, and Samson Resources were represented by L. Poe Leggette and Matthew L. Crockett.  Intervenor-Defendants Lance Oil & Gas Company and Berry Petroleum Company were represented by Craig D. Galli.   Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking these motions under advisement, the court has further considered the law and facts relating to the motions.[2]  Now being fully advised, the court renders the following Memorandum Decision & Order.

## I.  Background

In *SUWA v. Norton* (2:04cv574), a case decided by this court, Plaintiffs challenged the sale and issuance of oil and gas leases for sixteen parcels of public lands in southern Utah.  On August 1, 2006, the court issued a decision in *Norton*, finding that the Utah BLM violated NEPA by (1) issuing four oil and gas leases in the area administered by the Richfield field office without taking a "hard look" at the no-leasing alternative and (2) failing to consider significant new information about wilderness values and characteristics of all sixteen parcels at issue.  The court held that the wilderness characteristics of the lands included within the 16 lease parcels constituted new and significant information that required supplemental NEPA analysis prior to

---

[2]  The court has also considered the supplemental authority submitted after the hearing by SUWA and by Intervenor-Defendants Enduring Resources and Houston Exploration.  Intervenor-Defendant EOG Resources, Inc., Dominion Exploration and Production, Inc., and Samson Resources Company have moved to strike SUWA's supplemental authority, but the court declines to do so.

leasing.  Consequently, the court remanded the BLM's decision.[3]    Pursuant to that decision, the

BLM suspended the 16 leases at issue in *Norton* and has committed to conduct supplemental

NEPA analysis consistent with the court's opinion.  Once the supplemental NEPA analyses are

completed, BLM may cancel or modify the leases, or lift the suspension on them.

Just a few months prior to the *Norton* decision, SUWA filed the instant case, which is

very similar in nature to the *Norton* case, except that it involves a different set of oil and gas

leases that were sold at a September 2004 sale.   The Defendants have filed a Motion to Dismiss

the instant case, and SUWA has filed a Motion to Amend the Complaint, seeking to challenge

the sale of additional oil and gas leases.

## II.  Defendants' Motion to Dismiss

The Defendants have filed a Motion to Dismiss, which has been joined in by Intervenor-

Defendant Enduring Resources LLC and Houston Exploration Company.  In their motion,

Defendants contend, among other things, that the instant case is moot.   Specifically, they claim

that the BLM determined that the 26 leases at issue in this case are similarly situated to the 16

leases that were the subject of the *Norton* decision.  Accordingly, on September 18, 2006, BLM

suspended all 26 leases, pending supplemental NEPA analyses.  Under the suspension, no lease

operations may transpire on any of the 26 parcels.   BLM has committed to modify or cancel the

---

[3]  To the extent the *Norton* Order was unclear in its statement that the BLM's decision
was "reversed and remanded," the court now clarifies that the Order should have simply stated
that the BLM's decision was "remanded."   The court did not–and did not intend to–order
"cancellation" of the leases.  The court finds that suspension of the leases at issue in *Norton* was
sufficient to comply with the court's Order.

leases, or lift the suspension on them depending upon the information garnered from the supplemental NEPA analyses.   This, Defendants argue, is the same relief that Plaintiffs received in *Norton*.   Thus, this court should dismiss this lawsuit as moot.   Because it is moot, they argue, this court has no subject matter jurisdiction.

In addition, the Federal Defendants–in their Reply Memorandum–argue that because there is no longer any "final agency action" under the APA, there is no longer a waiver of the United States' immunity, which is jurisdictional in nature.   Accordingly, they argue, this court does not have jurisdiction for this separate and independent reason.

SUWA argues, however, that the BLM's suspension does not "wipe the slate clean," and that these leases are still held by their respective lessees.   SUWA argues that, unless the BLM cancels–and not merely "suspends"–the leases, the case is not moot.   Thus, SUWA argues that cancellation of the 26 leases is still an available remedy to which Plaintiffs are entitled.

SUWA also relies on its Motion for Leave to Amend to defeat Defendants' argument that the case is moot, arguing that if the court permitted the amendment of 60 additional leases sold at three other lease sales, the case is not moot.

The court agrees with Defendants that the instant case is moot.   Plaintiffs are not entitled to any relief under NEPA beyond that which BLM's suspension decision has already afforded.   BLM's September 18, 2006 suspension decision annulled any "irreversible and irretrievable commitment of resources" from which Plaintiffs claim to have suffered harm under NEPA.   The leaseholder is now forbidden from occupying or using the surface of the leased federal land, and BLM has expressly reserved the right to cancel the lease after reviewing the impacts that

supplemental NEPA analyses will disclose.   Consequently, this court cannot grant Plaintiffs any effectual relief beyond what BLM has already given to them through suspending the leases.   In addition, there is no longer any "final agency action" under the APA, and thus there is no longer a waiver of the United States' immunity.

### III.  SUWA'S Motion to Amend

Pursuant to Fed. R. Civ P. 15(a), SUWA has moved for leave to amend the Complaint to, among other things, challenge three additional Utah BLM oil and gas lease sales (involving 60 additional parcels) held between February 2004 and May 2005.

The court declines to permit this amendment.  Not only would it be improper to permit entirely new claims into a case over which the court has no jurisdiction, but SUWA's challenge to these three oil and gas lease sales would unduly complicate the instant case by adding three new administrative records and undoubtedly more intervenors.  SUWA's challenges are more efficiently brought in separate cases.

### IV.  Conclusion

Accordingly, Defendants' Motion to Dismiss [docket # 56] is GRANTED, Plaintiffs' Motion to Amend [docket # 47] is DENIED, and Intervenor-Defendants EOG Resources, Inc., Dominion Exploration and Production, Inc., and Samson Resources Company's Motion to Strike SUWA's Notice of Supplemental Authority [docket # 77] is DENIED.   This case is now closed.

DATED this 30th day of July, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

5